UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>    Plaintiff,<br><br>    v.<br><br>CHEUK KOON WONG, et al.,<br><br>    Defendants. | Case No. 2:20-cv-01896-AFM<br><br>**OPINION AND ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANTS** |

Pending before the Court is Defendants' motion for judgment on the pleadings, which the Court has converted to a motion for summary judgment. (ECF Nos. 33, 47.) After considering the parties' submissions regarding the motions, the Court rules as follows.

**I.    BACKGROUND**

This action arises out of alleged violations of the Americans with Disabilities Act ("ADA"). Defendants Cheuck Koon Wong and Pui Chun Ma Wong (the "Wongs") own a mini-strip mall plaza located on the 4100 block of East Gage Avenue in Bell, California. The Wongs are responsible for the common areas of the plaza, including the parking areas. The Wongs lease one of the retail spaces in the

plaza to defendant Due Zen Lee ("Lee"), who owns and operates the restaurant Ricco's Pizza.

Plaintiff is a paraplegic who uses a wheelchair for mobility. In his complaint, Plaintiff alleges that in January 2019, he went to Ricco's Pizza but the restaurant and its facilities were not accessible because defendants failed to provide wheelchair accessible parking. (ECF No. 1 at ¶ 13.) He also alleges "based on information and belief" that inside the restaurant Ricco's Pizza, Lee failed to provide wheelchair accessible dining surfaces and sales counters. (ECF No. 1 at ¶¶ 17-18.) In addition to a claim for relief under the ADA, Plaintiff asserts a claim under California's Unruh Civil Rights Act. (ECF No. 1.)

Defendants argue that Plaintiff's ADA claims are moot because they have voluntarily removed or corrected the alleged barriers to access. In conjunction with the motion for summary judgment, Defendants filed a Statement of Undisputed Facts as required by the Court. (ECF No. 48.)

In his opposition, Plaintiff concedes that the barriers inside Ricco's Pizza have been removed and agrees that the ADA claim against Defendant Lee should be dismissed. Plaintiff further agrees that the Court should decline to exercise supplemental jurisdiction over any state law claim against Defendant Lee. (ECF No. 41 at 4.) However, Plaintiff opposes the Wong Defendants' motion, pointing out that there are two separate parking lots at the plaza – one in the front and one in the back. Although Plaintiff concedes that Defendants have provided adequate accessible parking spaces in the front lot, he contends that the rear lot still has no accessible parking spaces. (ECF No. 41 at 4-6.) In support of his opposition, Plaintiff submitted a Statement of Genuine Disputes. (ECF No. 49.)

In reply, Defendants urge that the rear parking lot is not a separate lot serving the business facilities and that none of the businesses in the plaza permits customer access from the rear. Defendants argue that the rear lot is exempt from the ADA requirements because it is not for customer parking. (ECF No. 42 at 3-4.)

2

## II. SUMMARY JUDGMENT STANDARD

A court shall grant summary judgment if the movant demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A disputed fact is material where its resolution might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party. *Id.* The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The moving party may satisfy that burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met its burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-moving party must go beyond the pleadings and identify specific facts that show a genuine issue for trial. *Id.* at 587. At the summary judgment stage, a judge's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Only genuine disputes over facts that might affect the outcome of the lawsuit will properly preclude the entry of summary judgment. *Id.* at 248; *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (holding that the non-moving party must present specific evidence from which a reasonable jury could return a verdict in its favor). A genuine issue of material fact must be more than a scintilla of evidence, or evidence that is merely colorable or not significantly probative. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). A court may consider the pleadings, discovery, and disclosure materials, as well as any affidavits on file. Fed. R. Civ. P. 56(c)(2). Where the moving party's version of events differs from the non-moving party's version, a court must view the facts and

draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Although a court may rely on materials in the record that neither party cited, it need only consider cited materials. Fed. R. Civ. P. 56(c)(3). Therefore, a court may properly rely on the non-moving party to identify specifically the evidence that precludes summary judgment. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

Finally, the evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise a genuine issue of fact and defeat summary judgment. *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson*, 477 U.S. at 253.

### III. UNDISPUTED MATERIAL FACTS

The Court finds that following material facts are undisputed and pertinent to the pending motion.[1]

1. Cheuck Koon Wong and Pui Chun Ma Wong own a mini-strip mall plaza ("plaza") located on the corner of the 4100 block of East Gage Avenue in Bell, California. [ECF No. 33-2, ¶ 1 (Declaration of Cheuk Koon Wong and Pui Chun Ma Wong, dated June 24, 2020); ECF No. 42 at 6, ¶ 1 (Declaration of Pui Chun Ma Wong, dated August 11, 2020)].

2. The property includes a front parking lot that faces the store entrances and a linear row of parking spaces in the rear of the plaza. [ECF No. 41-1 at 2, ¶¶ 3, 4, 5 (Declaration of Evens Louis, dated July 30, 2020); ECF No. 41-1 at 4 (Exhibit attached to Louis Declaration).]

---

[1] Because the parties agree that dismissal of the claims against Defendant Lee is appropriate, the material facts stated herein relate only to Plaintiff's claim against the Wongs regarding the accessibility of the parking lot.

3. In April 2020, after they were placed on notice of Plaintiff's claim that the property did not comply with ADA requirements, the Wongs hired a contractor to add a second accessible parking space and to paint/post accessibility signs in the front parking lot located at 4135 Gage Avenue. [ECF No. 33-2 at 2, ¶¶ 2-4; ECF No. 33-2 at 4, 6, 8; ECF No. 42 at 6, ¶ 2].

4. The front parking lot now meets the ADA standards. [ECF No. 41-1 at 2, ¶ 5.]

5. None of the businesses in the plaza permits access through the rear of the building, and several of the businesses have no rear access at all. [ECF No. 42 at 6, ¶¶ 5, 6; ECF No. 42 at 8 (Exhibit D to Wong Declaration).] The Court overrules Plaintiff's foundation objection regarding this fact because the owner of the property has a basis for knowing the physical structure of the building and how his lessees conduct business on the property.[2]

6. As of July 29, 2020, the signage in the rear parking lot indicated: "CUSTOMER PARKING ONLY.... NO PUBLIC PARKING." [ECF No. 41-1 at 6, 9, 10, 13].

7. The signage was replaced and updated so that by August 11, 2020, signs state: "PRIVATE PROPERTY. NO PUBLIC PARKING." [ECF No. 42 at 10, 12 (Photographic Exhibits attached to Wong Declaration).] The rear parking lot is plainly marked that it is not for public parking, and the plaza no longer allows the rear parking area to be used by customers. [ECF No. 42 at 6, ¶¶ 5, 6.]

\\\
\\\
\\\
\\\

---

[2] The Court has also considered the other evidentiary objections. To the extent the Court has cited herein any of the challenged evidence, the objections to that evidence are overruled. The remaining objections are denied as moot.

## IV. DISCUSSION

### A. Plaintiff cannot prevail on an ADA claim related to the rear parking lot.

Plaintiff argues that while the front parking lot now complies with the ADA, the rear parking lot does not because it does not have an accessible parking space. The Court rejects this argument for the following reasons.

The Ninth Circuit has set out the elements of an ADA claim:

> To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability.

*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010) (citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)).[3] As relevant here, the ADA's prohibition against discrimination is limited to "any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "The determination of whether a facility is a 'public accommodation' for purposes of coverage by the ADA [ ] turns on whether the facility is open 'indiscriminately to other members of the general public.'" *Jankey v. Twentieth Century Fox Film Corp.*, 14 F. Supp. 2d 1174, 1178 (C.D. Cal. 1998) (citing 42 U.S.C. § 12181 (10)), *aff'd* 212 F.3d 1159 (9th Cir. 2000); *Montoya v. City of San Diego*, 434 F. Supp. 3d 830, 844 (S.D. Cal. 2020). Where a portion of an otherwise public facility is closed to the public, that portion is not a place of public accommodation subject to Title III of the ADA. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1048 (9th Cir. 2008) (holding that

---

[3] There is no dispute that Plaintiff is disabled as that term is defined by the ADA or that the Wong Defendants are a private entity that owns the property at issue,

the district court did not err by granting summary judgment to 7-Eleven on the plaintiff's claim that the defendant violated the ADA by excluding him from the employee-only restroom).

Here, the undisputed facts show that the rear parking lot is not a place of public accommodation. The signs state "NO PUBLIC PARKING" and include no exceptions for customer parking. Plaintiff disputes whether the rear parking lot is restricted to tenants and employees, pointing out that the newly posted signs "do not contain the words tenants or employee." (ECF No. 49 at 3.) Notwithstanding this strained characterization, the posted signs are clear that the rear parking spaces are not intended for public use. The only reasonable inference to be drawn from the undisputed facts is that the signage in the rear parking lot informs persons of the public – including customers – that parking is not permitted. Whether the parking area is reserved for tenants or employees (or any other non-public purpose) is of no consequence.

Further, because all members of the general public — not just Plaintiff (or any other disabled individuals)—are denied access to the rear parking lot, Defendants' failure to provide an accessible parking space does not constitute a discriminatory policy or practice. There is no violation of the ADA where all individuals, disabled or nondisabled, are prevented from accessing a facility. *See*, *e.g.*, *Doran,* 524 F.3d at 1048. Accordingly, Plaintiff cannot establish a violation of the ADA for the rear lot because it is not a place of public accommodation and he was not denied equal access.

### B. Plaintiff's ADA claims are moot.

The doctrine of mootness stems from Article III's requirement that courts may only exercise jurisdiction over live "cases or controversies." U.S. Const. Art. III. A claim is rendered moot—and therefore does not present a live "case or controversy"—when "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation" and "there is no reasonable expectation that the alleged violation will recur.*" Los Angeles Cnty. v. Davis*, 440 U.S. 625

(1979).

The only type of relief available to private plaintiffs under the ADA is injunctive relief ordering a defendant to remove architectural barriers, thereby making a facility "readily accessible" for individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A)(iv). Monetary damages are not available. Thus, to pursue a claim for injunctive relief under Title III of the ADA, a plaintiff must establish standing and a "real and immediate threat of repeated injury" in the future. *See Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)).

As a result, "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). When a defendant voluntarily modifies his or her property to remedy alleged ADA violations, the plaintiff no longer has a live case or controversy because he has received the only relief to which he would be entitled if the court were to issue an injunction. In sum, to the extent that the barriers identified in Plaintiff's Complaint have been redressed, Plaintiff's claims are moot. *See Smith v. 116 S Mkt. LLC*, 2020 WL 2404894, at *3 (C.D. Cal. Mar. 11, 2020), *aff'd*, 831 F. App'x 355 (9th Cir. 2020); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130 (C.D. Cal. 2005).

Although Plaintiff concedes that his claim against Lee regarding Ricco's Pizza restaurant is moot, he disagrees that his claim against the Wongs regarding the parking lot is moot. In his complaint, Plaintiff alleged that "when a business provides parking for its customers, it must provide accessible parking," and that such accessible parking "has not been provided." (ECF No. 1 at 6.) However, as set forth above, Defendants present undisputed evidence that they have made the necessary changes to the only parking lot that permits customer parking – i.e., the front parking lot, which Plaintiff concedes satisfies the ADA. In light of Defendants' remedial

measures, this Court finds that Plaintiff's ADA claim is moot as there no longer exists a live case or controversy regarding the alleged ADA violations.

### C. The Court declines to exercise supplemental jurisdiction.

Under 28 U.S.C. § 1367(c)(3), the Court has discretion to dismiss a plaintiff's state law claims when it has dismissed all of a plaintiff's federal claims. The factors to consider in deciding whether to retain supplemental jurisdiction over state law claims include: judicial economy, convenience, fairness, and comity. *O'Connor v. State of Nev.*, 27 F.3d 357, 363 (9th Cir. 1994).

Here, the Court will not be retaining any federal claims, and so declining supplemental jurisdiction will not undermine judicial economy. Furthermore, the only legal issues remaining are state law issues. Accordingly, the comity factor is not implicated. Because Plaintiff may prosecute his state law claims in state court, Plaintiff has not been unfairly deprived of an opportunity to vindicate his rights. Finally, while litigation of a new suit in state court may create some inconvenience to Plaintiff, he has made no showing of extraordinary or unusual circumstances. Accordingly, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 as to the remaining state law claims. *See Langer v. McKelvy*, 2015 WL 13447522, at *1–2 (C.D. Cal. Sept. 24, 2015), *aff'd*, 677 F. App'x 363 (9th Cir. 2017).

\*   \*   \*

**IT THEREFORE IS ORDERED,** for the reasons stated herein, that Defendants' motion for summary judgment on Plaintiff's ADA claims is **GRANTED,** and the case is dismissed.

DATED: 2/24/2021

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE